**Rev'd 7/7/2026**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:26-cr-327 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| DEMETRIUS MOORE, | ) | **CRIMINAL TRIAL ORDER** |
| | ) | |
| Defendant. | ) | |

The defendant in this matter was arraigned on July 22, 2026. The Court now enters this Order to setting forth deadlines and procedures.

## PLEAS AND PLEA STATEMENTS

The plea deadline is **August 24, 2026.** A guilty plea hearing shall be scheduled by counsel with the Court to take place on or before this date.  If a defendant intends to enter a plea of guilty without a written plea agreement, then the attorneys shall promptly and jointly provide the Court with a Plea Statement which includes the elements of the offense(s) to which the defendant is pleading, as well as the maximum statutory penalties for the offense(s).

## FINAL PRE-TRIAL CONFERENCE

The final pre-trial conference in this matter will take place in Courtroom 15B, 801 West Superior Avenue, Cleveland, Ohio, on **August 31, 2026, at 9:30 a.m**.  Lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions, trial presentation, *voir dire*, and jury instructions.  The defendant must be present.

Rev'd 7/7/2026

## TRIAL

Jury selection shall commence in Courtroom 15B, 801 West Superior Avenue, Cleveland, Ohio, on **September 14, 2026, at 8:00 a.m.**

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

### 1. Trial Days

Trials will begin at 8:00 a.m. and continue until approximately 5:00 p.m., unless circumstances dictate otherwise, with one (1) fifteen-minute break in the morning, a one (1) hour lunch break, and one (1) fifteen-minute break in the afternoon.  Counsel must notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible.

All parties and counsel are to be present in the courtroom at all times when the jury is seated unless attendance is otherwise ordered by the Court.

### 2. Motions and Trial Briefs

Motions *in limine*, shall be filed no later than three (3) business days before the final pretrial conference.  The Court does not look favorably upon the practice of filing *pro forma* motions.  It is expected that every motion filed will be based on real factual need and be supported by a substantial foundation, and that such foundation will be explicitly stated in the motion pursuant to Local Criminal Rule 12.1.

Trial briefs shall be filed no later than seven (7) calendar days before the trial date.  A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law together with specific citations of statutes and case law; and (c) a discussion of

Rev'd 7/7/2026

any evidentiary issues likely to arise at trial.  The header of every document in the electronic record of a case contains a "PageID #" in the upper right corner.  Whenever a motion, brief, or other filing makes reference to the record, it must do so using that PageID #.  (Example: Doc. No. 22 at 1253.)

3.    **Stipulations of Fact and Preliminary Statements**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be.  Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute.  Said stipulations shall be signed by both counsel as well as the defendant and filed with the Court no later than seven (7) calendar days before the trial date.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood, and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled.  This statement will be used to set the context of the trial for the jury and must be filed with the Court and emailed to chambers at Brennan_Chambers@ohnd.uscourts.gov in Word format no later than seven (7) calendar days prior to the trial date.

4.    **Exhibits**

Counsel shall exchange exhibit lists (*see* Appendix A) on or before seven (7) calendar days before trial. The exhibit lists shall identify and briefly describe each item of documentary or physical evidence which is to be offered.  Each attorney shall have a continuing obligation to supplement the party's exhibit list immediately upon learning of any additional exhibit.

Any objection to a proposed exhibit shall be filed no later than three (3) business days

**Rev'd 7/7/2026**

before the trial date.  Such objections shall include a brief statement as to why the proposed exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

With respect to submitting exhibits, each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive.  A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits.

The exhibit files must be renamed using a naming convention similar to: <exhibit number>-<exhibit part>_<exhibit description>.<file extension>.  The exhibit number MUST be a number.  Exhibits with subparts can be so designated using a letter for the exhibit part.  The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

        1-a_photograph.jpg
        12_2009Tax Statement.pdf
        35d.pdf
        12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to the Courtroom Deputy or Judicial Assistant at (216) 357-7200.

To maintain consistency between the electronic and the paper exhibits, ALL PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS.  Counsel shall mark all exhibits before trial with official or similar stickers.  Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3").  The case number shall also appear on the stickers.

Rev'd 7/7/2026

Where more than ten (10) exhibits are offered by a party, it is required that counsel place all exhibit sets in a three-ring loose-leaf binder/notebook with appropriately marked divider tabs and a table of contents.

Exhibits themselves will not be filed with the Clerk of Court.

Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) business days before the scheduled trial date. Each party must send exhibits in this format to the Court, Chambers 15B, such that the Court is guaranteed to receive them by no later than two (2) business days before trial. Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

### 5. Witnesses

Counsel shall file under seal a list of proposed witnesses (*see* Appendix B) on or before seven (7) calendar days before trial. The witness lists shall provide a brief description of each witness and the purpose of witness's testimony.

Any objections to a proposed witness shall be similarly filed no later than three (3) business days before the trial date. Such objections shall include a brief statement as to why the proposed witness should not be permitted, as well as specific citations to pertinent case law or other legal authority.

### 6. *Voir Dire*

The Court will conduct initial *voir dire* of the panel and of individual panel members. Proposed questions for the Court's *voir dire* must be filed no later than three (3) business days before the final pretrial conference.

Rev'd 7/7/2026

**7.      Jury Instructions**

Counsel must file complete jury instructions with the Court and email them to chambers in Word format.  The instructions should include: (a) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (b) the law applicable to the particular charges for which the defendant is on trial; (c) any interrogatories; and (d) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than ten (10) calendar days before the final pretrial conference.  Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed no later than three (3) business days before the final pretrial conference, providing: (a) agreed upon instructions; (b) instructions proposed by plaintiff, but opposed by defendants; and (c) instructions proposed by defendants, but opposed by plaintiffs.  All proposed instructions shall be supported by citations to legal authority.

**8.      *Jencks* and Reciprocal *Jencks* Material**

Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide *Jencks* and reciprocal *Jencks* material **before** trial commences and certainly no later than the close of proceedings the day before the witness is expected to testify.

## GENERAL MATTERS

**1.  Filings and Deadlines**

For any motion filed, the other party must file a response and the moving party may elect to file a reply.  For motions to suppress, the government's response must be filed within ten (10) calendar days, unless otherwise ordered by the Court.  Any reply may be filed within five (5)

Rev'd 7/7/2026

calendar days.  For all other motions, including motions *in limine,* a response must be filed within five (5) calendar days, unless otherwise ordered by the Court, and any reply within three (3) calendar days.  When a motion indicates that it is unopposed, a responsive filing will not be required.

Any and all motions, responses, stipulations, objections, pleadings, or memoranda filed or required to be filed within two (2) business days of any plea, conference, hearing, final pretrial, or trial, shall be emailed to chambers in Word format as well as to opposing counsel on the same day it is filed.  If and when a plea or change of plea is scheduled, the plea agreement shall be emailed to the Court in Word format not later than one day prior to the plea.

## 2.       Electronic Courtroom

The Court is pleased to have one of the most technologically advanced courtrooms in the United States.  This courtroom features, among other things, the technology necessary to present evidence in a video format.  The Court encourages all counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of any evidentiary hearing or trial.  The Court will make staff available to facilitate counsel's access to the courtroom prior so that it may test the equipment and ensure its use during trial.

## 3.       Speedy Trial/Motions to Continue

The Speedy Trial Act expressly states what time may be excluded for speedy trial purposes and under what circumstances an extension of time or continuance may be sought.  *See* 18 U.S.C. § 3161(h).  In the first instance the defendant seeks an extension of time, a timely motion must be submitted to the Court and a speedy trial waiver signed by the defendant must be

Rev'd 7/7/2026

attached.  The waiver must acknowledge the defendant's understanding of his/her speedy trial

right, that the decision to waive that right is knowing and voluntary, and the reason(s) for

waiving that right (*i.e.*, additional time is necessary to prepare a defense, taking into account the

exercise of due diligence).  Defense counsel should indicate whether the motion is unopposed.  If

an unopposed motion and executed waiver are timely filed, the Court will likely rule on the

motion after a scheduled telephonic status conference with lead counsel to establish new dates.

If either counsel believes an in-court hearing is preferred or necessary, counsel should

state so in the motion or, in the case of the non-movant, state so in a separate filing.  Any

subsequently filed defense motions to continue will likely be resolved in an on-the-record

hearing.  Where the government seeks to continue dates beyond the speedy trial deadline, the

court will hold an on-the-record hearing with all lead counsel and the defendant before ruling on

the motion.

> **4.      Generative Artificial Intelligence**

"Generative artificial intelligence" ("generative AI") is a type of artificial intelligence

capable of creating new content (such as text, writings, images, videos, or audio) in response to a

prompt (such as a query) to a large reference database.  Common examples of such platforms are

ChatGPT, Claude, DALL-E 3, and Gemini.  While AI rapidly evolves, and generative AI

continues to improve due to the volume of information users' queries put to these large reference

databases, the accuracy of the end product is not entirely settled.  Sometimes the end product

includes "hallucinated" or false information, even false case law citations.

To the extent counsel or any *pro se* litigant uses generative AI, or any other AI, to

research, compose, or draft a paper or to create any other submission presented to the Court, each

is hereby reminded of the obligation to verify the accuracy of any citation or document presented

Rev'd 7/7/2026

to the Court, including the obligations stated in the applicable rules of attorney discipline.  This includes reviewing and verifying the legitimacy and accuracy of every citation included in the filing.  It also extends to any exhibits submitted for consideration.  Counsel is also reminded of their duty to safeguard confidential client information.  Queries to AI platforms that include confidential client information may violate applicable rules of professional conduct.  *See, e.g.,* Rule 1.6 of the Ohio Rules of Professional Conduct.  If a Protective Order is entered in this case, the Court further cautions counsel and *pro se* litigants that queries to AI platforms disclosing protected information may violate the Protective Order.

     **5.**      **Evidentiary Hearings**

A party intending to use an exhibit at an evidentiary hearing must provide the Court with a courtesy copy of that exhibit at least two (2) business days before the evidentiary hearing.

     **6.**      **Presentence Investigation Reports**

In the event Presentence Investigation Reports (*i.e.*, a draft Report and a final Report) are prepared in this case, the parties are reminded that the Reports are and at all times remain the property of this Court.  Neither the draft Report nor the final Report may be shared with, shown to, or reviewed by any co-defendant or non-party without prior authorization from the Court.

     **7.**      **Sentencing Hearings**

The Court expects all parties to adhere to Local Criminal Rule 32.2 for the submission of information relative to sentencing, including sentencing memoranda.  The Court strongly encourages parties to submit a sentencing memorandum in advance of sentencing hearings, especially if there are outstanding objections to any portion of the offense level calculation or criminal history category determination.

 If any party intends to call witnesses or present exhibits at the sentencing hearing, that party must file a notice with the Court identifying the witnesses and exhibits, with a copy of said

Rev'd 7/7/2026

notice served on opposing counsel via electronic filing and the Probation Officer via direct email, no less than seven (7) calendar days before the sentencing hearing. *See* LCrR 32.2(c). Intended exhibits must be provided to the Court, opposing counsel, and the Probation Officer in .pdf format or on an external drive, whichever is appropriate, no later than seven (7) calendar days before the sentencing hearing. Any request for relief must be set forth in a motion filed no later than ten (10) calendar days before the sentencing hearing. Failure to comply with Local Criminal Rule 32.2 or this Order may result in the postponement of the sentencing hearing or the exclusion of sentencing memoranda, witnesses, or exhibits from consideration.

**IT IS SO ORDERED**.

Date:   July 23, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Rev'd 7/7/2026

## **TIMELINE OF SUBMISSIONS SPECIFIED IN TRIAL ORDER**

### **Twenty-one (21) calendar days after the arraignment**

Motions deadline, with the exception of motions *in limine*

### **Ten (10) calendar days before the final pretrial conference**

Parties to exchange proposed jury instructions

### **Three (3) business days before the final pretrial conference**

1. Motions *in limine*
2. Single, joint submission of proposed jury instructions, with a Word format copy emailed to the Court
3. Proposed questions for the Court's *voir dire*

### **Seven (7) calendar days before the trial date**

1. Trial briefs
2. Stipulations of Fact
3. Joint Preliminary Statement, with a copy in Word format copy emailed to the Court
4. Proposed exhibit lists (Appendix A)
5. Proposed witness lists (Appendix B) (*filed under seal*)

### **Three (3) business days before the trial date**

1. Objections to any proposed exhibit
2. Objections to any proposed witness (*filed under seal*)

### **Two (2) business days before the trial date**

1. Parties to exchange copies of all exhibits/exhibit index
2. Parties to provide the Court with a copy of all exhibits/exhibit index